**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MONA MEIER; NORMA
WOODARD,

      Plaintiffs-Appellants,

and

GARY HOEFFKEN,

      Plaintiff,

v.

ROBERT E. RUBIN, Secretary of the
United States Department of Treasury,

      Defendant-Appellee.

No. 99-6103
(D.C. No. CIV-97-293-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs Mona Meier and Norma Woodard appeal from the district court's judgment, entered following a jury trial, in favor of defendant.  We affirm.

Plaintiffs, white females, went to trial on allegations that defendant had engaged in reverse race discrimination and retaliation in violation of Title VII.[1] They alleged that a newly appointed black division chief, Ron James, felt that minority employees had been denied promotional opportunities at the expense of white females and, therefore, directed that subordinate managers were to take all necessary steps to ensure that minorities were qualified and promoted. Ms. Woodard alleged that she opposed this policy and opposed Mr. James' harassment of Ms. Meier.  As a result, Mr. James harassed Ms. Woodard to the point that she became clinically depressed and took disability retirement. Ms. Meier alleged that Mr. James initiated a campaign against her including lowering her performance appraisal and limiting her working credit hours due to her race.  She alleged that after she filed an EEO complaint, the harassment against her and her witnesses, including Ms. Woodard, increased.  She also

---

[1]     Plaintiff Meier alleged violations of the Rehabilitation Act in the complaint, but those allegations were apparently dropped before trial.

developed a clinical depression and took disability retirement. The jury found no race discrimination or retaliation.

On appeal, plaintiffs argue that t he jury was improperly instructed and that the court improperly denied their motion to compel a complete response to discovery. They also contend that the district court should have granted their motion for a new trial.

Plaintiffs argue that t he jury was improperly instructed as the court should have given a mixed motive instruction as set forth in <u>Thomas v. Denny's, Inc.</u>, 111 F.3d 1506, 1511-12 (10th Cir. 19 97).[2] Plaintiffs maintain that once a plaintiff has shown an improper motive for an employer's action and the employer has shown a proper motive, a mixed motive instruction must be given.

> We review the district court's decision to give a particular instruction for abuse of discretion. To determine whether the jury was adequately instructed on the applicable law, we review the instructions in their entirety de novo to determine whether the jury was misled in any way. The instructions as a whole need not be flawless, but we must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve them.

---

[2] The Civil Rights Act of 1991, which applies to plaintiffs' case, expanded the relief available to a plaintiff in a mixed-motive case. 42 U.S.C. § 2000e-2(m) states that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 552 (10th Cir.), cert. denied, 120 S. Ct. 48 (1999) (citations omitted).

The court denied plaintiffs' request for a mixed motive instruction on the basis that defendant had not presented a "permissible motive" as it was not arguing that plaintiffs would have eventually been disabled whether or not defendant had harassed and retaliated against them. Rather, defendant's position was that it had not discriminated against plaintiffs on the basis of their race and had not retaliated against them because they had filed EEO complaints or participated in an EEO proceeding as a witness.

Our review of the record supports the district court's decision. "A mixed motive instruction is . . . appropriate in any case where the evidence is sufficient to allow a trier to find both forbidden and permissible motives." Id. at 553 (quotations omitted). Defendant did not attempt to present facts tending to show that it intended that plaintiffs take disability retirement for legitimate reasons. Therefore, no mixed motive instruction was warranted.

Plaintiffs also argue that the court improperly denied their motion to compel a complete response to discovery because defendant presented evidence at trial which had not been previously disclosed to plaintiffs. We review discovery rulings, including the district court's denial of a motion to compel

discovery, for an abuse of discretion.    See Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1300 (10th Cir. 1999).

Plaintiffs have failed to identify where in the record defendant's failure to fully respond to plaintiffs' interrogatories unfairly surprised them at trial.    See 10th Cir. R. 28.2(C).  They also have not identified where they raised this issue to the district court for its ruling.    See id.  We have reviewed the record and failed to observe any such alleged error.

Finally, plaintiffs contend that the district court should have granted their motion for a new trial.    We review the district court's ruling on a motion for new trial for "manifest abuse of discretion."    Blanke v. Alexander, 152 F.3d 1224, 1235 (10th Cir. 1998).

Plaintiffs maintain that they should have been granted a new trial due to defendant's conduct during the trial.  Plaintiffs assert that defense counsel repeatedly asserted a racial and sexual bias on the part of the plaintiffs that was not supported by the evidence, apparently in an attempt to arouse the passions of the jurors against plaintiffs.  Plaintiffs assert counsel also failed to disclose significant changes in the witnesses's testimony from testimony given in their depositions.  Again, plaintiffs have failed to identify in the record where these alleged errors occurred.

The only errors by counsel that we have found in the record were addressed by the court and counsel was admonished. In fact, after the trial, the court imposed sanctions on defense counsel for deliberately disobeying the court's orders by attempting to refer to evidence which the court had twice specifically ordered him not to address. The record shows that the court quickly admonished counsel before the evidence at issue was fully presented. Plaintiffs identify no harm that resulted from defense counsel's errors. Nor did they inform the court that they felt its response was inadequate to protect their interests.

Plaintiffs were able to examine those witnesses whose testimony allegedly differed from their depositions. The jury heard both versions. Any resulting credibility issues were properly resolved by the jury. The court did not err in denying plaintiffs' motion for a new trial.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-6-